**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
kjacobson@quillarrowlaw.com
Gregory Sogoyan (SBN 316832)
gsogoyan@quillarrowlaw.com
Sarah E. Pfeffer (SBN 331166)
spfeffer@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:   (310) 933-4271
Facsimile:    (310) 889-0645

Attorneys for Plaintiff,
**DEAYNA GALLEGOS**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAYNA GALLEGOS, an individual, | Case No.: |
| | **COMPLAINT** |
| Plaintiff, | |
| vs. | 1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY** |
| MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, | 2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** |
| Defendants. | 3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiff DEAYNA GALLEGOS ("Plaintiff"), an individual, alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief, formed after a reasonable inquiry under the circumstances:

## **INTRODUCTION**

1.     These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle purchased by Plaintiff and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2.     On April 26, 2020, Plaintiff purchased a used 2020 Mercedes-Benz CLA250, having VIN No. WDD5J4GB9LN044397 ("the Subject Vehicle"). Prior to Plaintiff's purchase, the Subject Vehicle was a demonstrator vehicle. Subsequently, Plaintiff is the first consumer. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

3.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, emission, and transmission system defects.

4.     Plaintiff hereby revokes acceptance of the sales contract.

5.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after "the Act") Civil Code sections 1790 *et seq*., the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

6.     Plaintiff is a "buyer" of consumer goods under the Act.

7.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8.     Plaintiff hereby demands trial by jury in this action.

**COMPLAINT**

**Plaintiff's Repair History of the Subject Vehicle**

9.     The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

10.    On or about September 19, 2020, with approximately 15,820 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Walnut Creek, regarding the electronic control unit for the Supplemental Restraint System (SRS). Defendant's technician verified Plaintiff's complaint, and performed Open Campaign 2020080013 (Clean SRS Control Unit Contacts). The Subject Vehicle was out of service for approximately 1 day during this repair attempt.

11.    On or about July 2, 2021, with approximately 27,940 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Walnut Creek, and reported that the "Check Engine" light was illuminated. Defendant's technician verified Plaintiff's complaint, finding Diagnostic Trouble Code ("DTC") P030085, noting the detection of combustion misfiring of cylinder 1 and a signal above the permissible limit value.  The technician found Technical Service Bulletin ("LI") 01.30-P-072328. In response, the technician found a leak on the valve of cylinder 1, replaced the cylinder head, topped off the coolant, and cleared all fault codes. The Subject Vehicle was out of service for approximately 13 days during this repair attempt.

12.    On or about March 11, 2022, with approximately 32,864 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Walnut Creek, and reported seeing a hold or wait sign on the dashboard upon entering and starting the vehicle. Additionally, Plaintiff reported that when attempting to put the vehicle in reverse, she has to put it in drive several times before the vehicle will engage. Moreover, Plaintiff reported seeing oil on her garage floor. Defendant's technician verified Plaintiff's complaint, finding oil covering the engine cover and oil filled on top of the valve cover. Lastly, Plaintiff

presented the vehicle for performance of Safety Recall #2021060021. No repairs were performed in response to any of Plaintiff's complaints during this repair visit. The Subject Vehicle was out of service for approximately 1 day during this repair attempt.

13.    None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including its ongoing defects.

14.    Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

15.    Defendant was under an affirmative duty under the Song-Beverly Consumer Warranty Act to promptly offer to repurchase or replace the Subject Vehicle as soon as it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

16.    Despite having no obligation to do so, prior to filing this lawsuit, Plaintiff contacted Defendant MERCEDES-BENZ USA, LLC directly and requested a repurchase of the Subject Vehicle due to the ongoing issues that Defendant and its authorized repair facilities could not repair to conform to the terms of its written warranties within a reasonable number of repair opportunities. Defendant denied Plaintiff's request.[1]

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, there is complete diversity among the parties.

18.    The Subject Vehicle, as reflected in the sales contract, has an approximate value of $55,532.12.  Pursuant to the Song-Beverly Act, Plaintiff is

---

[1] "A manufacturer's duty to replace a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. *Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 301-302 (1995). *Krotin* court noted that "[a]n automobile manufacturer need not read minds to determine which vehicles are defective; it need only read dealers' services records." *Id.* at 303.

seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $166,596.36. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

19.     Complete diversity exists as Plaintiff, DEAYNA GALLEGOS, is a citizen of the State of California.

20.     With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 *et seq*.

21.     Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC'S are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on September 15, 2020. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

22.     As such, none of Defendant's members, as a limited liability company, are citizens of the state of California. Accordingly, there is complete diversity among

the parties under 28 U.S.C. § 1332 (a)(1), as Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.[2]

23.     Venue is proper in, and Defendants are subject to, the personal jurisdiction of this Court because the Subject Vehicle was purchased at Mercedes-Benz of Walnut Creek, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 1301 Parkside Dr., Walnut Creek, CA 94596.

24.     Venue is also proper, as Plaintiff, DEAYNA GALLEGOS, is an individual residing in the city of Eureka, State of California.

25.     Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California.

26.     All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

27.     Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## **DEMAND FOR JURY TRIAL**

28.     Plaintiff, DEAYNA GALLEGOS, hereby demands a trial by jury in this action.

///

///

[2] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

**FIRST CAUSE OF ACTION**

**Violation of the Song-Beverly Act – Breach of Express Warranty**

29.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

30.     These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

31.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, emission, and transmission system defects.

32.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after "the Act") Civil Code sections 1790 *et seq.*, the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

33.     Plaintiff is a "buyer" of consumers goods under the Act.

34.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

35.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

36.     Plaintiff delivered the Subject Vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

37.     Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

38.     Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-

BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

39.   By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

40.   Under the Act, Plaintiff is entitled to reimbursement of the price paid for the Subject Vehicle, less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

41.   Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

42.   Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

43.   Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

44.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

45.   MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff purchased the Subject Vehicle, had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle.  The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

46.     Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

47.     The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

48.     The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

49.     The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as engine, electrical, emissions, and transmission system defects.

50.     Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

51.     Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq.*

52.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

53.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

54.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

55.     Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

*///*

**THIRD CAUSE OF ACTION**

**Violation of the Song-Beverly Act Section 1793.2(b)**

56.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

57.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

58.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

59.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

60.    The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the engine, electrical, emission, and transmission system defects.

61.    Plaintiff delivered the Subject Vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

62.    Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil

Code section 1793.2(b).

63. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq.*

64. Plaintiff hereby revokes acceptance of the Subject Vehicle.

65. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

66. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

67. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

68. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq.* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

69. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

## **PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;

2. For recission of the purchase contract and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorneys' fees and costs of suit; and

///
///
///
///
///

8.  For such other and further relief as the Court deems just and proper under the

circumstances.

Dated:   June 7, 2022

QUILL & ARROW, LLP

Kevin Y. Jacobson, Esq.
Gregory Sogoyan, Esq.
Sarah E. Pfeffer, Esq.
Attorneys for Plaintiff,
**DEAYNA GALLEGOS**

-11-
**COMPLAINT**